

1   **LOPEZ, BARK & SCHULZ LLP**
    Harry J. Schulz, III, Esq. (SBN 205625)
2       *hschulz@lbslawyers.com*
    Michael E. Lopez, Esq. (SBN 214937)
3       *mlopez@lbslawyers.com*
    Brian Z. Bark, Esq. (SBN 217514)
4       *bbark@lbslawyers.com*
    300 Spectrum Center Drive, Suite 1550
5   Irvine, CA 92618
    Telephone:  (949) 383-9585
6   Facsimile:  (714) 242-1544

7   Counsel for Plaintiffs
    Pacific Premier Bancorp, Inc. and
8   Pacific Premier Bank

9                   UNITED STATES DISTRICT COURT FOR THE

10                      CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14  PACIFIC PREMIER BANCORP, INC., a      )   Case No. 8:22-cv-00842
    Delaware corporation, and PACIFIC     )
15  PREMIER BANK, a California corporation,)  **COMPLAINT FOR BREACH OF**
                                          )   **CONTRACT, DECLARATORY**
16              Plaintiffs,               )   **RELIEF, AND BAD FAITH**
                                          )
17         v.                             )   **DEMAND FOR JURY TRIAL**
                                          )
18  ZURICH AMERICAN INSURANCE             )
    COMPANY, a New York corporation,      )
19                                        )
                Defendant.                )
20  _____   )

21

22

23

24

25

26

27

28

                                    1

Plaintiffs Pacific Premier Bancorp, Inc. and Pacific Premier Bank (collectively, "PPB") complain and allege as follows:

## JURISDICTION AND VENUE

1.    This action is an insurance coverage litigation arising out of Defendant Zurich American Insurance Company's ("Zurich") unreasonable denial of any duty to defense costs or otherwise pay loss on behalf of PPB against the claims asserted in the actions entitled:  (a) *Clyde A. Hamstreet & Associates, LLC, as receiver, v. American Equities, Inc., et al.,* currently pending in the Superior Court of Washington, Clark County, under Case No. 20-2-00507-06 (the "*Hamstreet* Litigation"); (b) *Diane L. Anderson Revocable Trust, et al. v. Davis Wright Tremaine LLP, et al.*, currently pending in the United States District Court, District of Oregon, under Case No. 3:20-cv-01194-AC (the "*Anderson* Litigation"); and (c) *Beattie, et al. v. Davis Wright Tremaine LLP, et al.,* currently pending in the Circuit Court of the State of Oregon, County of Multnomah, under Case No. 20CV09419 (the "*Beattie* Litigation").  The *Hamstreet* Litigation, the *Anderson* Litigation, and the *Beattie* Litigation shall be collectively referred to herein as the "Underlying Litigations."

2.    This Complaint seeks damages resulting from Defendant Zurich's wrongful refusal and denial of benefits due under a policy of insurance insuring PPB.

3.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between and among each of PPB and Defendant Zurich.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.    Venue is proper in this Court under 28 U.S.C. § 1391 in that Defendant Zurich is subject to personal jurisdiction in this district at the time the action is commenced, and because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this district.  Specifically, Defendant Zurich is licensed to do business in this district and, indeed, entered into the insurance policy at issue in this district.

## PARTIES

5.    Pacific Premier Bancorp, Inc. is, and at all times herein mentioned was, a

1  corporation organized and existing under the laws of Delaware, with its principal place of

2  business in Irvine, California.

3      6.    Pacific Premier Bank is, and at all times herein mentioned was, a corporation

4  organized and existing under the laws of California, with its principal place of business in

5  Irvine, California.  Pacific Premier Bank is a wholly owned subsidiary of Pacific Premier

6  Bancorp, Inc.

7      7.    PPB is informed and believes, and based thereupon alleges, that Defendant

8  Zurich is, and at all times herein mentioned was, a corporation organized and existing under

9  the laws of New York, with its principal place of business in Illinois, and was authorized to do

10 business in California.

11                              **FACTUAL BACKGROUND**

12 **The *Hamstreet* Litigation.**

13     8.    On February 19, 2020, Clyde A. Hamstreet & Associates, LLC (the "Receiver")

14 filed a complaint for damages on behalf of the Receiver Entities (or "Pools") against

15 American Equities, Inc. ("AEI") and others.  On August 28, 2020, the Receiver filed an

16 amended complaint, which named Pacific Premier Bank as a defendant and asserted claims

17 against Pacific Premier Bank and others for, *inter alia*, Breach of Fiduciary Duties, Aiding and

18 Abetting Breach of Fiduciary Duties, and Negligence.  On January 12, 2022, the Receiver filed

19 a second amended complaint (the "Second Amended Hamstreet Complaint"), which asserted

20 these same claims against Pacific Premier Bank, and which remains the operative complaint.

21 A copy of the Second Amended Hamstreet Complaint is attached hereto as **Exhibit 1**.

22     9.    Among other things, the Receiver alleges that Pacific Premier Bank and others

23 have engaged in certain wrongful acts in the rendering (or failure to render) professional

24 services to the Pools, who were customers of Pacific Premier Bank with depository accounts,

25 including breaching (and aiding and abetting breaches of) fiduciary duties owed to the Pools,

26 and committing negligence in connection with the deposit (client) relationship which Pacific

27 Premier Bank had with the Pools.

28

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

10.     Over the course of motion and discovery practice in the *Hamstreet* Litigation, the Receiver has further clarified his allegations against Pacific Premier Bank, including by asserting, *inter alia*, that Pacific Premier Bank: (a) "was aware of the restrictions on the use of cash imposed on the Pool Managers as manager of the Pools" and "knew that the Pool Managers were violating those restrictions by commingling the funds of different Pools, commingling Pool funds with other Pool Manager cash, and using Pool funds for unauthorized purposes;" (b) "repeatedly used atypical banking procedures to service the accounts" in a manner which "allowed the Pool Managers to operate and conceal the Ponzi scheme;" and (c) failed to "use reasonable care in supervising its employees to keep them from injuring" the Pools.[1]

11.     As a result of such alleged conduct by Pacific Premier Bank and others, the Receiver claims that the Pools have been damaged.

**The *Anderson* Litigation.**

12.     On February 25, 2020, Diane Anderson, as trustee of the Diane L. Anderson Revocable Trust, filed a putative class action complaint for damages against the law firm of Davis Wright Tremaine, LLP ("Davis Wright"). On July 20, 2020, Ms. Anderson filed an amended complaint which named Pacific Premier Bank as a defendant and which asserted claims against Pacific Premier Bank and others for, *inter alia*, violations of ORS § 59.115(1)(b) and § 59.115(3). On March 25, 2022, Ms. Anderson filed a second amended complaint (the "Second Amended Anderson Complaint"), which asserted these same claims against Pacific Premier Bank, and which remains the operative complaint. A copy of the Second Amended Anderson Complaint is attached hereto as **Exhibit 2**.

13.     As a result of such alleged conduct by Pacific Premier Bank and others, the *Anderson* Plaintiffs claim that they are entitled to recover damages, interest thereon, and their attorneys' fees.

---

[1] The "Pool Managers" are collectively defined to mean AEI, American Eagle Mortgage Management, LLC ("AEMM"), Ross Miles, and Maureen Wile.

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

**The *Beattie* Litigation.**

14.    On February 25, 2020, Sherry Beattie and others filed a complaint for damages against Davis Wright.  On September 15, 2020, Ms. Beattie filed an amended complaint which named Pacific Premier Bank as a defendant and which asserted claims against Pacific Premier Bank and others for, *inter alia*, violations of ORS § 59.115(1)(b) and § 59.115(3), as well as violations of 71 Ok St §1-509(G) (the "Amended Beattie Complaint").  A copy of the Amended Beattie Complaint is attached hereto as **Exhibit 3**.

15.    As a result of such alleged conduct by Pacific Premier Bank and others, the *Beattie* Plaintiffs claim that they are entitled to recover damages, interest thereon, and their attorneys' fees.

**The 2017-2018 Policy.**

16.    In exchange for valuable consideration, Defendant Zurich issued policies of insurance to Grandpoint Capital, Inc. ("Grandpoint"), including without limitation, business liability insurance under written insurance policy numbered DOP 0115355-02 (effective April 30, 2017 to July 30, 2018) (the "2017-2018 Policy").  Pacific Premier Bancorp, Inc. is the ultimate corporate successor of Grandpoint and is an Insured under the 2017-2018 Policy.  As a subsidiary of Pacific Premier Bancorp, Inc., Pacific Premier Bank is also an Insured under the 2017-2018 Policy.  A copy of the 2017-2018 Policy is attached hereto as **Exhibit 4**.

17.    At all times herein mentioned, all premiums on the 2017-2018 Policy were paid by or on behalf of PPB as such premiums became due and payable, and the Insureds under such 2017-2018 Policy have duly complied with all material conditions in such 2017-2018 Policy, except for those conditions which have been waived or excused by Defendant Zurich.

18.    The 2017-2018 Policy broadly insures each of PPB against, among other things, "all Loss for which the Company becomes legally obligated to pay on account of a Claim for a Wrongful Act, *including* Wrongful Acts in connection with the rendering of or failure to render Professional Services."  **Exhibit 4**, Form U-DOP-1208-A-CW, p. 1 (01/10) (emphasis added).  The 2017-2018 Policy also promises that Defendant Zurich will timely advance

Defense Costs incurred by the Insureds in respect of such Claims.  **Exhibit 4**, U-DOP-MAN-A CW, p. 2 (10/14).

19.     The 2017-2018 Policy defines "Wrongful Act" to include "any error, misstatement, misleading statement, act, omission, neglect or breach of duty actually or allegedly committed or attempted by the Company."  **Exhibit 4**, Form U-DOP-1208-A-CW, p. 2 (01/10).

20.     The 2017-2018 Policy defines "Professional Services" to mean "those services performed or required to be performed by an Insured for, on behalf of or in connection with a customer of the Company.  Professional Services shall include Broker Services, Insurance Agent Services and IRA/Keogh Services if coverage for any of these services is purchased as indicated in the Coverage Schedule as set forth in Item 5 of the Declarations."  **Exhibit 4**, Form U-DOP-1201-A CW (01/10), at p. 5.

21.     The 2017-2018 Policy also includes an "Allocation" provision in which Zurich promises, in pertinent part, that:

> If in any Claim under the Liability Coverage Parts the Insureds incur both Loss covered by this policy and loss not covered by this policy either because the Claim against the Insureds includes both covered and uncovered matters or because the Claim is made against both Insureds who are afforded coverage for such Claim and others, including Insureds, who are not afforded coverage for such Claim, the Insureds and the Insurer shall use their best efforts to allocate such amount between covered Loss and uncovered loss based upon the relative legal and financial exposures of the parties to covered and uncovered matters; provided however that one hundred percent (100%) of any such Defense Costs shall be allocated to covered Loss if and to the extent such Defense Costs are incurred by covered Insureds and are in part covered and in part not covered by this policy solely because the Claim against the Insureds includes both covered and uncovered matters.

**Exhibit 4**, Form U-DOP-1201-A CW (01/10), at p. 9.

22.     The 2017-2018 Policy was endorsed to include an Extended Reporting Period for the period from July 1, 2018 to July 1, 2024, with respect to Wrongful Acts committed or allegedly committed before July 1, 2018.  **Exhibit 4**, Form U-DOP-2107-A CW (01/10), Endorsement 16.

**Defendant Zurich's Wrongful Denial Of Coverage.**

23.     Defendant Zurich has admitted that it received notices of each of the Underlying Litigations.  Defendant Zurich has not contended that such notices were in any way untimely or otherwise defective.

24.     From and after the date that notices of the *Hamstreet* Litigation, the *Anderson* Litigation, and the *Beattie* Litigation were sent to Defendant Zurich, PPB has incurred Defense Costs necessary to avoid or at least minimize its potential liability in each of the Underlying Litigations.

25.     Yet, despite having promised to advance Defense Costs on behalf of and pay other Loss incurred by PPB on account of Claims for Wrongful Acts (such as those alleged in the Underlying Litigations), Defendant Zurich has wrongfully delayed, denied and refused, and continues to wrongfully delay, deny and refuse, to advance Defense Costs on behalf of or pay other Loss incurred by PPB on account of such Claims.

26.     More specifically, on October 29, 2020, Defendant Zurich denied all coverage for the *Hamstreet* Litigation and the *Anderson* Litigation (including any duty to advance Defense Costs incurred by PPB against such Claims).  On February 3, 2022, Defendant Zurich likewise denied all coverage for the *Beattie* Litigation.  Defendant Zurich based these denials upon its contentions that each of the Underlying Litigations allege Wrongful Acts in connection with Lending Acts, and that coverage for Lending Acts is excluded under the 2017-2018 Policy.

27.     Yet, Defendant Zurich's coverage denial is contrary to the broad coverage provided by the 2017-2018 Policy, and it ignores the fact that the operative pleadings in each of the Underlying Litigations – together with extrinsic facts developed in connection with those litigations – makes clear that each of the Underlying Litigations include allegations of Wrongful Acts which are separate from and independent of (and thus do not arise in connection with) any of the purported Lending Acts to which Defendant Zurich cites in its denials of coverage.

28.     At best, Defendant Zurich may have an argument that the "Allocation" provision of the 2017-2018 Policy was implicated by the asserted inclusion of additional

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

Wrongful Acts that were purportedly committed in connection with one or more Lending Acts. However, Defendant Zurich elected to improperly disregard the "Allocation" provision and instead denied coverage for the entirety of the Underlying Litigations, including for those alleged Wrongful Acts which do not arise in connection with any Lending Acts committed by PPB or its predecessors.

29.     As a result of Defendant Zurich's unreasonable denial of its duties to advance Defense Costs or otherwise pay Loss incurred by PPB in connection with the Underlying Litigations, PPB has been forced to incur or pay over $1,651,644 of Defense Costs out of its own pocket without reimbursement from Defendant Zurich.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Failure To Advance Defense Costs)**

30.     PPB realleges and incorporates by this reference Paragraphs 1-29 of this Complaint as if fully set forth herein.

31.     Defendant Zurich has breached its contractual obligations under the 2017-2018 Policy issued to PPB, including Defendant Zurich's duty to advance Defense Costs on behalf of PPB against each of the Underlying Litigations, by, among other things, denying coverage for, delaying, refusing and failing to pay any of PPB's Defense Costs incurred with respect to any of the Underlying Litigations.

32.     As a direct and proximate result of Defendant Zurich's breaches of contract as alleged herein, PPB has been required to incur, agree to pay or pay over $1,651,644 of Defense Costs to respond to and defend against each of the Underlying Litigations without reimbursement from Defendant Zurich. PPB has thereby been damaged in an amount to be determined at trial, which damages include, without limitation, all of PPB's unreimbursed defense fees and costs which have been incurred in connection with responding to and defending against each of the Underlying Litigations, together with interest thereon.

1

**SECOND CLAIM FOR RELIEF**

2

**(Bad Faith)**

3      33.     PPB realleges and incorporates by this reference Paragraphs 1-29 of this

4   Complaint as if fully set forth herein.

5      34.     Defendant Zurich has breached its implied covenant of good faith and fair

6   dealing by, among other things: (1) wrongfully and unreasonably denying its duty to advance

7   Defense Costs on behalf of PPB against each of the Underlying Litigations; (2) wrongfully

8   and unreasonably denying its duty to pay Loss on behalf of PPB against each of the

9   Underlying Litigations; (3) compelling PPB to institute litigation to recover amounts due

10  under the 2017-2018 Policy; (4) failing to adopt and implement reasonable standards for the

11  investigation and handling of PPB's claims; (5) failing to provide a prompt or reasonable

12  explanation as to why Defendant Zurich was not advancing Defense Costs on behalf of PPB

13  against each of the Underlying Litigations; (6) taking unreasonable positions concerning the

14  coverage provided under the 2017-2018 Policy; and (7) grossly misrepresenting the provisions

15  of and the coverage provided by the 2017-2018 Policy.

16     35.     As a direct and proximate result of Defendant Zurich's breaches of its duties of

17  good faith and fair dealing as set forth above, PPB has suffered damages, plus interest,

18  together with all of its attorneys' fees and costs incurred in prosecuting this action to seek

19  insurance coverage benefits wrongfully withheld by Defendant Zurich.

20     36.     The unjustified and unreasonable conduct of Defendant Zurich was calculated

21  to deprive PPB of the benefits of its bargain, with resulting harm to PPB.  Defendant Zurich's

22  breaches of its duties of good faith and fair dealing were done with a conscious disregard of

23  PPB's rights and with the intent to vex, injure or annoy PPB such as to constitute oppression

24  or malice.  PPB is therefore entitled to exemplary damages to punish and make an example of

25  Defendant Zurich.

26

27

28

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

37.    PPB realleges and incorporates by this reference Paragraphs 1-29 of this Complaint as if fully set forth herein.

38.    Actual controversies have arisen and now exist between PPB and Defendant Zurich regarding whether, and to what extent, 2018-2018 Policy provides coverage to PPB against those allegations in each of the Underlying Litigations which assert Claims for alleged Wrongful Acts committed by PPB (and/or its predecessors) in connection with the rendering of or failure to render Professional Services, such that Defendant Zurich is required to advance Defense Costs on behalf of and pay Loss incurred by PPB in connection with such Claims.

39.    Judicial declarations are necessary and appropriate at this time in order to ascertain PPB's rights to the advancement of Defense Costs and the payment of Loss under the 2017-2018 Policy against the Claims asserted in each of the Underlying Litigations. Indeed, given that Defendant Zurich's duty to advance Defense Costs is critical to PPB's defense against the Underlying Litigations, such judicial declarations are urgently needed to enable PPB to fully present its defenses and to prevent substantial prejudice to PPB's interests.

40.    PPB thus seeks a judicial declaration that the 2017-2018 Policy provides coverage to PPB against those allegations in each of the Underlying Litigations which assert Claims for alleged Wrongful Acts committed by PPB (and/or its predecessors) in connection with the rendering of or failure to render Professional Services, such that Defendant Zurich is required to advance Defense Costs on behalf of and pay Loss incurred by PPB in connection with such Claims.

\\

\\

\\

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

## **PRAYER FOR RELIEF**

WHEREFORE, PPB prays for judgment against Defendant Zurich, as follows:

1.    For a judicial declaration that the 2018-2018 Policy provides coverage to PPB against those allegations in each of the Underlying Litigations which assert Claims for alleged Wrongful Acts committed by PPB (and/or its predecessors) in connection with the rendering of or failure to render Professional Services, such that Defendant Zurich is required to advance Defense Costs on behalf of and pay Loss incurred by PPB in connection with such Claims;

2.    For compensatory damages, including all of PPB's unreimbursed Defense Costs which have been incurred in connection with responding to and defending against each of the Underlying Litigations, all other Loss for which PPB has become legally obligated to pay in connection with each of the Underlying Litigations, and any other benefits due under the 2017-2018 Policy;

3.    For foreseeable consequential damages, in an amount to be proven at trial;

4.    For all other damages proximately caused by Defendant Zurich's bad faith, in an amount to be proven at trial;

5.    For exemplary and punitive damages;

6.    For interest as allowed by law;

7.    For PPB's attorneys' fees and costs of suit in this action; and

8.    For such other and further relief as the Court may deem just and proper.

Dated:  April 21, 2022                              Respectfully submitted,

                                                    LOPEZ, BARK & SCHULZ, LLP


                                            By: _____
                                                    Harry J. Schulz, III
                                                    Attorneys for Plaintiffs
                                                    Pacific Premier Bancorp, Inc. and
                                                    Pacific Premier Bank

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH

## **JURY TRIAL DEMAND**

1.    PPB hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  April 21, 2021

Respectfully submitted,

LOPEZ, BARK & SCHULZ, LLP

By: _____
Harry J. Schulz, III
Attorneys for Plaintiffs
Pacific Premier Bancorp, Inc. and
Pacific Premier Bank

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF, AND BAD FAITH