UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC PREMIER BANCORP, INC., a Delaware corporation, and PACIFIC PREMIER BANK, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA CASUALTY COMPANY, an Illinois corporation, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendants. | Case No. 8:22-cv-00842 PA (DFMx)<br><br>**CONSENT JUDGMENT AND BAR ORDER APPROVING SETTLEMENT, ISSUING CLAIMS BAR ORDER AND GRANTING INJUNCTIVE RELIEF**<br><br>[Filed concurrently with Joint Stipulation for Entry of Bar Order, Memorandum of Points and Authorities ISO Joint Stipulation for Bar Order, Declaration of Harry J. Schulz III]<br><br>Judge: Percy Anderson<br>Court Room: 9A<br>Complaint Filed: April 21, 2022<br>Trial Date: January 28, 2025 |

The Court has considered the Joint Stipulation for Entry of Bar Order entered into by Plaintiffs Pacific Premier Bancorp, Inc. and Pacific Premier Bank (collectively, "PPB"), Defendant Columbia Casualty Company ("Columbia"), and Defendant Travelers Casualty and Surety Company of America (collectively, the "Parties"), together with the Memorandum of Points and Authorities filed by PPB in support of that Joint Stipulation, the Declaration of Harry J. Schulz, III and the exhibits thereto, and the [Proposed] Order. Having considered these matters and good cause appearing therefore, the Court hereby makes the following findings and conclusions:

1. Since early 2020, PPB has incurred fees and costs defending itself against a series of litigations entitled: (a) *Clyde A. Hamstreet & Associates, LLC, as receiver, v. American Equities, Inc., et al.,* currently pending in the Superior Court of Washington, Clark County, under Case No. 20-2-00507-06 (the "*Hamstreet* Litigation"); (b) *Diane L. Anderson Revocable Trust, et al. v. Davis Wright Tremaine LLP, et al.*, currently pending in the United States District Court, District of Oregon, under Case No. 3:20-cv-01194-AC (the "*Anderson* Litigation"); and (c) *Beattie, et al. v. Davis Wright Tremaine LLP, et al.,* currently pending in the Circuit Court of the State of Oregon, County of Multnomah, under Case No. 20CV09419 (the "*Beattie* Litigation").[1]

2. PPB has also incurred $9.5 million in settlement of the *Hamstreet* Litigation (the "*Hamstreet* Settlement Payment"), which settlement requires, *inter alia*, entry of an order enjoining or dismissing with prejudice the *Anderson* Litigation that has become final and non-appealable and an order enjoining or dismissing with prejudice the *Beattie* Litigation that has become final and non-appealable.

3. For nearly an equal period of time, PPB sought defense and indemnity coverage from former Defendant Zurich American Insurance Company ("Zurich") and Defendant Columbia Casualty Company ("Columbia") for such costs.

4. PPB filed this insurance coverage action on April 21, 2022 (the "Coverage

---

[1] The *Hamstreet* Litigation, the *Anderson* Litigation, and the *Beattie* Litigation shall be collectively referred to herein as the "Underlying Litigations."

Action"), alleging claims for breach of contract, bad faith, and declaratory relief arising out of Zurich's failure to pay defense and indemnity costs incurred in connection with the Underlying Litigations. [Dkt. 1]. On July 18, 2022, PPB filed an amended complaint in this action (the "FAC"), adding Columbia as a defendant, and similarly alleging claims for breach of contract, bad faith, and declaratory relief. [Dkt. 16]. Among other things, PPB alleged that Zurich was obligated to pay such costs under policy number DOP 0115355-02, effective from April 30, 2017 to July 30, 2018 (the "2017-2018 Zurich Policy"), which contains a $10 million aggregate limit of coverage, subject to a $150,000 self-insured retention. PPB also alleged that Columbia was obligated to pay such costs under policy number 652124810, effective from June 30, 2020 to June 30, 2021 (the "2020-2021 Columbia Policy"), which contains a $5 million aggregate limit of coverage, subject to a $2 million self-insured retention.[2]

5. On July 29, 2022, Zurich filed a Motion to Dismiss the FAC, arguing that all coverage for the Underlying Litigations was precluded by the "Lending Act Exclusion" in the 2017-2018 Zurich Policy. [Dkt. 23-24.]. Although the Court noted that "much of the wrongdoing alleged in the underlying cases appears to constitute Lending Acts," the Court denied that Motion to Dismiss by order dated September 23, 2022. [Dkt. 30, at p. 9]. On October 20, 2022, Zurich sought to have the Court certify the Motion to Dismiss for interlocutory appeal pursuant to 28 U.S.C. §1292(b). [Dkt. 36, 36-1]. The Court denied that Motion for Certification by order dated December 29, 2022. [Dkt. 45, at p. 10]

6. In 2023, PPB produced nearly 16,000 pages of documents with its initial disclosures in this Coverage Action, many of which detailed the claims asserted against PPB in the Underlying Litigations, the defenses thereto, and the evidence supporting the same.

7. Subsequently, on April 27, 2023, PPB, Zurich, and Columbia participated in a mediation of the *Hamstreet* Litigation before the Honorable Michael Hogan (Ret.) with Hogan

---

[2] Travelers issued policy number 106549999, effective from June 30, 2020 to June 30, 2021 (the "2020-2021 Travelers Policy"). That policy contains a $5 million aggregate limit of liability, and is specifically excess of the 2020-2021 Columbia Policy's $5 million limit of liability and $2 million retention.

Mediation.[3] That full-day mediation ultimately yielded both a contingent settlement between PPB and the *Hamstreet* Litigation plaintiffs (the "PPB/Receiver Settlement Agreement"), as well as a similarly contingent settlement between PPB and Zurich (the "PPB/Zurich Settlement Agreement"). Those contingent settlements reflect the extensive efforts of the settling parties' respective counsel and Judge Hogan, including during numerous telephone calls and in multiple emails which followed in the days after the in-person mediation session. No settlement (contingent or otherwise) was reached between PPB and Columbia in connection with that mediation.

8. The settlement between PPB and Zurich is the product of considerable arms-length negotiations after several months of litigation and factual investigation into the merits of this action, and follows nearly three years of litigation of the Underlying Litigations. Throughout this process, PPB and Zurich have been represented by experienced and knowledgeable insurance coverage counsel able to make a competent and informed decision regarding the benefits and burdens of continued litigation versus negotiated settlement.

9. The PPB/Zurich Settlement Agreement includes, among other things, the following relevant terms:

- The PPB/Zurich Settlement Agreement is contingent upon PPB's settlement of the *Hamstreet* Litigation becoming "FINAL," which requires, *inter alia*: (a) the entry of an order enjoining or dismissing with prejudice the *Anderson* Litigation that has become final and non-appealable; (b) an order enjoining or dismissing with prejudice the *Beattie* Litigation that has become final and non-appealable; (c) approval of the PPB/Receiver Settlement Agreement by the courts in the Receivership Case; and (d) mutual releases of the parties and their respective insurers (including Zurich, Columbia, and Travelers);

- Zurich will pay or cause to be paid $8,000,000 to PPB (the "Zurich Settlement

---

[3] Travelers was not invited to that mediation because at the time PPB's alleged loss from the Underlying Lawsuits did not reach the excess attachment point for the 2020-2021 Travelers Policy.

Payment") – representing 80% of the 2017-2018 Zurich Policy $10,000,000 limit of liability, with Zurich and PPB agreeing that such Zurich Settlement Payment will reduce and fully exhaust the remaining limits of insurance available under the 2017-2018 Zurich Policy. Zurich and PPB agree that the Zurich Settlement Payment is being paid by Zurich solely as reimbursement for $8,000,000 (USD) of PPB's payment of the *Hamstreet* Settlement Payment, and not in respect of any Defense Costs incurred by PPB on account of any of the Underlying Litigations;[4]

- Zurich agrees to release each of Columbia and Travelers (collectively, the "Non-Settling Parties") from, among other things, any claims relating to or arising out of the Underlying Litigations, any Defense Costs or other Loss incurred by PPB on account of the Underlying Litigations, the *Hamstreet* Settlement Payment, the Zurich Settlement Payment, the Coverage Action, and any legal fees or costs incurred with respect to the Coverage Action. Such release includes any claims for subrogation, indemnity or contribution relating to such claims, and shall become effective if, when, and to the extent such Non-Settling Party releases Zurich from such claims;

- The settling parties will grant each other broad mutual releases;

- The settlement requires PPB to move for entry of a judgment and bar order that fully and completely bars and enjoins any and all claims arising out of or relating to any of the settled claims, whether styled as claims for contribution, indemnification or otherwise, against Zurich by any of the Non-Settling Parties; and

- Zurich covenants and agrees not to file any claim against any of the Non-Settling Parties arising out of any of the claims released in the PPB/Zurich

---

[4] Columbia and Travelers do not agree with PPB's and Zurich's characterization of Zurich's payment being limited to coverage for indemnification costs and maintain that they are not bound by PPB's and Zurich's characterization of the settlement payment.

Settlement Agreement, and shall not seek to recover any of the Zurich Settlement Payment from any of the Non-Settling Parties. This protection is in addition to the releases of the Non-Settling Parties secured in the PPB/Receiver Settlement Agreement, which releases are largely made possible by the Zurich Settlement Payment.

10. After the PPB/Zurich Settlement Agreement became effective, on January 26, 2024, PPB filed a Second Amended Complaint in this action (the "SAC"), adding Travelers as a defendant. The claims against Travelers allege breach of contract and seek declaratory relief with respect to Travelers' alleged obligation under the 2020-2021 Travelers Policy to pay for any of PPB's unreimbursed defense and indemnity costs incurred in connection with the Underlying Litigations which allegedly exceeds the applicable limits of the 2020-2021 Columbia Policy and/or for which Columbia is not otherwise liable. [Dkt. 61].

11. District courts have substantial inherent powers to enforce and protect the settlements of cases on their docket. *See, e.g.,* Fed. R. Civ. P. 16(a), (c); *Doi v. Halekulani Corp.,* 276 F. 3d 1131, 1141 (9th Cir. 2002); *TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986); *In re Suchy,* 786 F.2d 900, 902–03 (9th Cir.1985); *In re Springpark Assoc.,* 623 F.2d 1377, 1380 (9th Cir.) (superseded on other grounds by statute, as stated in *In re Villa Madrid,* 110 B.R. 919, 922 n. 3 (9th Cir. BAP.1990)), *cert. denied,* 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980).

12. Such inherent powers include the discretion to grant bar orders that discharge all claims of contribution by non-settling defendants against settling defendants. *See, e.g., In re Heritage Bond Litig.,* 546 F.3d 667, 677 (9th Cir.2008); *Franklin v. Kaypro Corp.,* 884 F.2d 1222, 1225 (9th Cir.1989); *In re Consolidated Pinnacle W. Sec. Litig.*, 51 F.3d 194, 197 (9th Cir. 1995) (holding that district court did not abuse its discretion in granting a bar order); *Childress v. Liberty Mut. Ins. Co.,* No. C10-059RSL, 2011 WL 2218272, at *1 (W.D.Wash. June 6, 2011) (noting the court has "the inherent equitable power to enter an order precluding subsequent claims for contribution (and indemnity) by non-settling parties in the litigation with notice of the proposed order, so long as their rights are protected by it"); and *Cooper Drum Cooperating*

*Parties Grp. v. Jervis B. Webb Co.*, No. CV1903007ABFFMX, 2021 WL 8441202, at *4 (C.D. Cal. Feb. 19, 2021) (same). "This authority applies to settlements of state law claims in federal actions." *Cnty. of San Bernardino v. Pac. Indem. Co.*, No. EDCV131137PSGSSX, 2014 WL 12591182, at *2 (C.D. Cal. Nov. 17, 2014) (citations omitted); *see also Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 510–11 (9th Cir. 1990).

13. The Ninth Circuit "has recognized the legitimacy – and, even, the *necessity* – of settlement bars to prohibit contribution/indemnity claims under certain circumstances. Bar orders are appropriate so long as the court finds that (1) the settling defendants are settling in good faith, and (2) a 'proportionate share' approach is used at trial to determine the liability of non-settling defendants." *Renfrew v. Toms*, 109 Fed. Appx. 143, 146 (9th Cir. 2004) (citations omitted, emphasis in original).[5] Broad bar orders are justified based on the strong public policy favoring settlements among litigants. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("There is an overriding public interest in settling and quieting litigation."); *In re Oil & Gas Litig.*, 967 F.2d 489, 494 (11th Cir. 1992) (holding that a bar order extinguishing all claims "play[s] an integral role in facilitating settlement").

14. Bar orders are particularly necessary in partial settlements, such as the one at issue here, to ensure that the settling defendant is actually "buying peace" in settling the claims against it. Absent a bar order protecting PPB's settlement with Zurich, Zurich remains potentially exposed to cross-claims for indemnification or contribution by one or more of the Non-Settling Parties. As one federal appellate court has recognized: "Defendants buy little

---

[5] Since *Renfrew*, the Ninth Circuit has clarified that allocation methods other than pro rata may also be utilized by courts, depending upon the equities and circumstances of the case. *See, e.g., AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 487 (9th Cir. 2015) (concluding that "a district court has discretion under [42 U.S.C.] § 9613(f)(1) to determine the most equitable method of accounting for settlements between private parties in a contribution action."); *see also Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. 218CV06825SBRAOX, 2020 WL 8125638, at *5 (C.D. Cal. Nov. 16, 2020) (citing *AmeriPride* and adopting a pro tanto allocation for a CERCLA claim in connection with its entry of a contribution/indemnity bar order). With respect to bar orders entered in insurance coverage cases, this Court has employed the "proportionate share" approach to ensure that the non-settling insurers are only held liable for their share of any coverage. *See Cnty. of San Bernardino v. Pac. Indem. Co.*, No. EDCV131137PSGSSX, 2014 WL 12591182, at *6 (C.D. Cal. Nov. 17, 2014).

peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through crossclaims for indemnity, contribution, and other causes related to the underlying action." *In re Oil & Gas Litig.*, 967 F.2d at 494; *see also In re Nucorp Energy Sec.s Litig.*, 661 F.Supp. 1403, 1408 (S.D.Cal. 1987) ("Anyone foolish enough to settle without barring contribution is courting disaster.")

15. District courts in the Ninth Circuit and other circuits have likewise exercised their inherent power to grant bar orders in the context of insurance coverage litigation, thereby precluding contribution and indemnity claims by non-settling insurers. *See, e.g., Cnty. of San Bernardino v. Pac. Indem. Co.*, No. EDCV131137PSGSSX, 2014 WL 12591182, at *6 (C.D. Cal. Nov. 17, 2014); *Cnty. of San Bernardino v. Pac. Indem. Co.*, No. EDCV131137PSGSSX, 2014 WL 12591942, at *5 (C.D. Cal. July 23, 2014); *Cadet Mfg. Co. v. Am. Ins. Co.,* No. C04-5411FDB, 2006 WL 910000, at *1-3 (W.D.Wash. April 7, 2006); *St. Paul Fire and Marine Ins. Co. v. Herbert Construction Inc.,* No. C05-388Z, 2006 WL 2045804, at *2 (W.D.Wash. July 19, 2006); *OneBeacon American Ins. Co. v. American Motorists Ins. Co.,* 679 F.3d 456, 463 (6th Cir. 2012); *Koppers Co., Inc. v. Aetna Casualty & Surety Co.*, 98 F.3d 1440, 1453 (3d Cir. 1996); *General Refractories Co. v. First State Ins. Co.,* No. 04-3509, 2013 WL 4803522, at *6 (E.D. Pa. Sept. 6, 2013); *Bondex Intern., Inc. v. Hartford Acc. and Indem. Co.,* No. 1:03-CV-01322, 2007 WL 405938, at *5 (N.D. Ohio Feb. 1, 2007); and *Adolph Coors Co. v. American Ins. Co.,* No. Civ.A. 92 N 61, 1993 WL 13029757, at *10 (D. Colo. Sept. 9, 1993).

16. The Court finds that due and adequate notice of these proceedings has been given to the Non-Settling Parties and all parties herein; and that said Non-Settling Parties and parties have had a full and fair opportunity to participate in this hearing process, and are thereby bound by this Judgment and Bar Order, which is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. In its determination on this Motion, the Court has given careful consideration to the record and applicable law, as well as to Plaintiffs' alleged damages; the merits of Plaintiffs' liability theories against Zurich; Zurich's relative fault and obligations to Plaintiffs; the risks and substantial expenses of continued litigation; the fact that there was no evidence

of any bad faith, collusion, or fraud in the settlement process; the extent of the parties' investigation and preparation of the case; and the interests of the Non-Settling Parties, who have consented to this Judgement and Bar Order, including with respect to application of the "proportionate share" rule set forth in *County of San Bernardino v. Pacific Indemnity Co.*, No. EDCV131137PSGSSX, 2014 WL 12591182 (C.D. Cal. Nov. 17, 2014), such that the Non-Settling Parties will not be held liable for any share of liability that is ascribed to Zurich, and the protections resulting from both the release of such Non-Settling Parties agreed to by Zurich in the PPB/Zurich Settlement Agreement and the release of the Non-Settling Parties in the PPB/Receiver Settlement Agreement, largely made possible by the Zurich Settlement Payment. Upon consideration of these matters and record herein, the Court concludes that: (a) the PPB/Zurich Settlement Agreement is approved as a fair, adequate, and reasonable settlement; and (b) the entry of the claims bar provided in this Judgment and Bar Order is appropriate and necessary in the circumstances of this case.

18. The Court expressly finds and determines that there is no just reason for delay in the entry of this Judgment and Bar Order approving the PPB/Zurich Settlement Agreement and barring and enjoining any and all claims arising out of or relating to any of the settled claims, whether styled as claims for contribution, indemnification or otherwise, against Zurich by any of the Non-Settling Parties, their predecessors, successors, representatives and assigns.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Non-Settling Parties, and all other persons having actual knowledge of this Judgment and Bar Order, are hereby severally and permanently barred and enjoined from instituting or prosecuting any action or proceeding whatsoever in any court of this or any other jurisdiction, either derivatively or on behalf of themselves, which seeks contribution and/or indemnity from Zurich relating to any of the claims subject to the PPB/Zurich Settlement Agreement approved under this Order.

2. Zurich is hereby permanently barred and enjoined from instituting or

prosecuting any action or proceeding whatsoever in any court of this or any other jurisdiction, either derivatively or on behalf of itself, which seeks contribution and/or indemnity from any of the Non-Settling Parties for any of the Zurich Settlement Payment.

3. The Court hereby orders that on any claims asserted by Plaintiffs against Non-Settling Parties in this litigation, the Non-Settling Parties shall collectively receive, at a minimum, an offset from Plaintiffs' total claimed damages in the amount of $8,000,000, in respect of Zurich's settlement payment to Plaintiffs. The Court finds and determines that if Zurich is found liable for more than the Zurich Settlement Payment, the "proportionate share" rule will bar PPB from recovering that amount from the Non-Settling Parties. Further, other than the provided $8,000,000 offset, nothing in this Judgment and Bar Order will affect PPB's and the Non-Settling Defendants' claims and defenses against each other, including but limited to (i) Non-Settling Defendants' claims and defenses that the $8,000,000 payment should be allocated to PPB's defense expenses and that it is improper to allocate the entire payment to the $9,500,000 *Hamstreet* Settlement and (ii) the Non-Settling Defendants' claims and defenses that all or a substantial portion of the claimed loss sought to be recovered from them by PPB does not fall within the coverage of the Non-Settling Defendants' Policies and should be allocated to noncovered loss which might have been covered under the Zurich Policy.

**IT IS SO ORDERED**

Dated: October 11, 2024

　　　　　　　　　　　　　　　　　PERCY ANDERSON
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

9
[PROPOSED] FINAL JUDGMENT AND BAR ORDER